1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

J. DAVID BENSON,

11

Plaintiff,

12

v.

13

PROVIDENCE HEALTH &
SERVICES,

14

Defendant.

15

| CASE NO. C09-1560JLR |
| --- |

ORDER GRANTING MOTION
TO REMAND

AND

ORDER DENYING MOTION TO
AMEND

## I.    INTRODUCTION

16

This matter comes before the court on two motions:  Plaintiff J. David Benson's

17

motion to remand (Dkt. # 5) and Defendant Providence Health & Services' ("PHS")

18

motion to amend notice of removal (Dkt. # 27).  Having considered both motions, as well

19

as all papers filed in support and opposition and the balance of the record, and deeming

20

oral argument unnecessary, the court GRANTS the motion to remand (Dkt. # 5) and

21

DENIES the motion to amend (Dkt. # 27).

22

ORDER- 1

## II.   BACKGROUND

On October 10, 2008, Mr. Benson was riding a motorcycle when a woman driving a car drove directly into his path.  (Compl. (Dkt. # 1) ¶ 4.2.)  To avoid a collision, Mr. Benson laid down his motorcycle, slid on the pavement, and slammed into the side of the car.  (*Id*.)  As a result of the accident, Mr. Benson sustained injuries to his leg, pelvis, and arm, underwent multiple surgeries, and remained in the hospital for several days.  (*Id*. ¶ 4.3.)  Since his release, Mr. Benson has had follow-up appointments and further treatment for his injuries.  (*Id*.)  Mr. Benson did not have motorcycle insurance; however, he received $25,000.00 from the driver's insurer.  (*Id*. ¶ 4.4.)

Mr. Benson is insured by Providence Health Plans ("PHP"), which he describes as a self-funded health insurance plan offered and administered by PHS.  (*Id*. ¶¶ 4.5, 4.7.)  After his hospitalization, Mr. Benson's medical bills were sent to PHP.  (*Id*. ¶ 4.5.)  In response, by letter dated October 16, 2008, PHP asked Mr. Benson to sign a document that contained a right-to-recovery clause, which purported to require Mr. Benson to repay up to the amount advanced by PHP if recovered from a third party.  (*Id*.)  PHP also requested that Mr. Benson sign a subrogation trust agreement to hold any settlement funds in trust.  (*Id*.)

Mr. Benson refused to sign the right-to-recovery clause or the subrogation trust agreement; in turn, PHP refused to pay his medical bills.  (*Id*.)  PHP explained to Mr. Benson its understanding that it was a self-funded plan under the Employee Retirement Income Security Act of 1973 ("ERISA"), and that the right-to-recovery clause was a precondition to payment of medical bills.  (*Id*.)  Mr. Benson states that if he had signed

1   the documents, he would have been obligated to pay the $25,000.00 he had recovered,

2   regardless of Washington law.  (*Id.*)  Mr. Benson's medical bills continued to mount,

3   topping out at over $70,000.00.  (*Id.* ¶ 4.6.)  The bills remained unpaid and were sent to

4   collection.  (*Id.*)  Mr. Benson alleges that he had to forego needed medical procedures.

5   (*Id.*)  Ultimately, "[b]ecause of the financial hardship and stress created by the unpaid

6   bills, collection efforts, and his inability to get needed medical care, Mr. Benson had no

7   choice but to sign the reimbursement agreement . . . ."  (*Id.*)

8       Mr. Benson filed suit in King County Superior Court.  PHS removed this case to

9   federal court on the allegation that Mr. Benson's state-law claims are completely

10  preempted by ERISA.  (Not. of Removal (Dkt. # 1) ¶ 3.)

11              **III.   ANALYSIS**

12      A defendant seeking to remove a case from state court bears the burden of

13  demonstrating that both the jurisdictional and the procedural requirements for removal

14  have been satisfied.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-683 (9th

15  Cir. 2006).  The removal statute "is strictly construed against removal jurisdiction."  *Cal.*

16  *ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  So too, the "statutory

17  procedures for removal are to be strictly construed."  *Syngenta Crop Prot., Inc. v.*

18  *Henson*, 537 U.S. 28, 32 (2002).  With these principles in mind, the Ninth Circuit teaches

19  that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

20  in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

21

22

**A.      Procedural Defects in Removal**

Under 28 U.S.C. § 1447(b), the district court "may require the removing party to file with its clerk copies of all records and proceedings in [the] State court . . . ."  The United States District Court for the Western District of Washington has adopted such a requirement.  In relevant part, Local Rules W.D. Wash. CR 101(b) provides that the party seeking to remove the action "shall, within fourteen days of filing his notice of removal, file with the clerk of this court black-on-white copies of all additional records and proceedings in the state court, together with his or his counsel's verification that they are true and complete copies of all the records and proceedings in the state court proceeding."  This court has strictly enforced the requirements of Local Rule 101(b).  In *Stanphill v. State Farm Mutual Automobile Insurance Company*, Case No. C09-0235JCC (W.D. Wash. June 26, 2009), the Honorable John C. Coughenour remanded a class action where the defendant had (1) failed to include the case information cover sheet that the plaintiff filed in state court and (2) failed to cure the defect within the 30-day window for removal.  *Stanphill*, Case No. C09-0235JCC (Dkt. # 27), at 3-5.

Turning to the facts of this case, it is plain that PHS did not comply with the requirements of Local Rule 101(b) and did not cure this procedural defect in a timely manner.  PHS removed this action from state court on November 2, 2009, after being served with a copy of the summons and complaint on October 5, 2009.  (Not. of Removal ¶ 2.)  PHS included with its notice of removal copies of the process, pleadings, and orders served upon it.  (*Id.* ¶ 6 & Exs. 2-4.)  As Mr. Benson points out, however, PHS failed to include with its notice of removal the following documents filed in state court:  (1) the

1    declaration of service of the summons and complaint; (2) the declaration of service of the

2    praecipe and demand for jury; (3) the praecipe; and (4) the case assignment designation

3    and case information cover sheet.  (Mot. at 10-11.)  On November 3, 2009, the Clerk of

4    Court advised PHS by letter of the requirements of Local Rule 101(b).  (*See* Dkt. # 2.)

5    PHS filed no additional state-court documents within the 14-day window following the

6    filing of the notice of removal and did not file a verification of counsel.

7         PHS now seeks to amend its notice of removal to satisfy the requirements of Local

8    Rule 101(b).  PHS filed its motion to amend on December 21, 2009, approximately a

9    month and a half after filing its notice of removal.  PHS does not dispute that under

10   *Stanphill* this case would be subject to remand.  As in *Stanphill*, PHS did not comply with

11   Local Rule 101(b) because it failed to file copies of "all additional records and

12   proceedings in the state court" and it failed to file a verification of counsel.  PHS also did

13   not cure these defects within the 30-day window after being served with a copy of the

14   summons and complaint or within the 14-day window specified by Local Rule 101(b).

15   Nevertheless, PHS argues that the court should disregard *Stanphill* in favor of out-of-

16   district case law adopting a more lenient approach.  (Resp. (Dkt. # 20) at 22-24.)  The

17   court declines to do so.  Having reviewed the case law submitted by PHS, the court is not

18   persuaded to depart from the standard articulated by Judge Coughenour in *Stanphill* and

19   declines to discount *Stanphill*'s analysis of Local Rule 101(b) as mere dicta.  The court

20   hereby adopts the reasoning of *Stanphill* and applies it to the facts of this case:  because

21   PHS failed to provide the complete records and proceedings in the state court, as required

22

by 28 U.S.C. § 1447(b) and Local Rule 101(b), and because PHS failed to cure this procedural defect in a timely manner, this case must be remanded to state court.[1]

**B.    Request for Attorney's Fees**

Mr. Benson also requests an award of attorney's fees and costs under 28 U.S.C. § 1447(c).  (Mot. at 11.)  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  On this record, the court declines to award attorney's fees and costs.

## IV.    CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Benson's motion to remand (Dkt. # 5) and DENIES PHS's motion to amend (Dkt. # 27).

Dated this 11th day of February, 2010.

_____
JAMES L. ROBART
United States District Judge

---

[1] Having reached this determination, the court does not address Mr. Benson's other arguments in support of remand.

ORDER- 6